Curia, per
Evans, J.
It is necessary that I should make a statement of the case in order that the opinion of the Court may he understood. In about 1837, the defendant Hutson sold to W. Creswell a negro woman named Violet, for the price of $700. At the time of the sale J. Wardlaw had an unsatisfied execution in the Sheriff’s office against Hutson for $1500. On the 15th October, 1838, Hutson recovered against Creswell a judgment for $761,60, the amount of note and interest, given for the price of Violet. Before the sale day in Nov. 1838, the Sheriff of Abbeville, by the direction of Wardlaw, levied his execution upon Violet as the property of Hutson. At the same time he had in his possession- Hutson’s execution against Cre'swell, and perhaps others. These were levied on all Creswell’s other property. The rest of the property levied on, the Sheriff took into his possession, but left Violeft with Creswell. At the sale day in Novr. all the property was sold according to the levies; that is, Violet was sold as the property of Hutson to satisfy Wardlaw’s execution, and the rest of the property was sold to satisfy the cases against Creswell. On the 13th Nov. which was a few days after the Sheriff’s sale, Wardlaw directed the Sheriff to apply the proceeds of the sale of Violet, to wit $300, to the satisfaction of the cases against Creswell, and on the 15th of Nov. the amount of Hutson’s execution against Creswell for the price of Violet was paid to Ward-law, in part of his case against Hutson. At October term, 1838, Charles J. Glover, the plaintiff, recovered a judg *110 ment against Creswell, and on the 28th of October, Cres-well was arrested on a ca. sa. at the suit of Glover, and in order to obtain his discharge under the prison bounds Act he assigned to Glover amongst other things as follows “a chose in action or demand against Robert Hutson of seven hundred dollars, being the price of a negro woman bought by William M. Creswell of the said Robert Hutson, which slave was afterwards sold by the sheriff under afi.fa. against Robert Hutson and as his property, at the suit of Joseph Wardlaw.” It was to recover this demand founded on an alleged breach of the warranty of the title of Violet that this action was brought. On the trial of the case at Ab-beville before Judge Gantt, he was of opinion, and so charged the jury, that by the sale of Violet, as Hutson’s property, there was a breach of warranty, for which the plaintiff was entitled to recover back the whole purchase money; but the jury with a view to do justice between the parties, found a verdict for about $350, thereby deducting from the'price of Violet, the sum for which she was sold by the sheriff, and probably a small balance due on Hutson’s execution against Creswell. From this decision the defendant appeals on several grounds, but they resolve themselves into this; that there is no such breach of the warranty as will entitle the plaintiff to recover. The plaintiff also appeals, because his verdict is for less than the whole price which Creswell paid Hutson for Violet, but he is' content to let the verdict stand. If the sum for which Violet was sold by the Sheriff, to wit, $300, had been applied to the satisfaction of Wardlaw’s execution against Hutson, I think there could be no doubt but that this would have been a breach of the warranty. It is equally clear that it was the duty of the Sheriff so to apply it, and that he would have done so but for the subsequent order of Wardlaw. Now if Wardlaw 5 or 6 days after the sale could defeat Creswell’s action, I can see no reason why he might not do it at the end of as many weeks or months, and this would put it in the power of Wardlaw, at any time, to determine whether the sale of Violet was or was not a breach, and thus Creswell’s right of action would depend on the volition of another and not on himself. Suppose Cre,swell’s other property had paid *111 all the cases against him and there had been no case to which the $300 could apply; would he be obliged to take this money if Wardlaw should abandon his right to it! I presume this proposition can hardly be maintained. Under the warranty Creswell was entitled to have the negro, and if deprived of her by any paramount title or lien, he was entitled under the law of this State, to have his money paid back as the measure of damages. But it is said Creswell was in failing circumstances and the Sheriff had excutions against him which he might have levied on Violet. This may have been the case; and it is probable that the sheriff would have so levied these executions: but he did not do so. He levied and sold under Wardlaw’s execution; and we cannot know that she would have been sold if Creswell had been left to contend with his own creditors. He might have made some arrangements to save her; or if she had been sold, so that his creditors were to receive the money, she might have brought more than she did; which was less than half of what Creswell paid for her. It may be that the very fact, that by the levy, she was abstracted from Creswell’s means of paying his debts, may have drawn down his creditors upon him at that time. Upon the whole, it seems to me the sale under Ward-law’s execution was a breach of the warrnty; and it did not depend on Wardlaw’s will to determine whether Creswell should recover back the purchase money or not. The fact that Hutson has had the benefit of the sum for which the Sheriff sold Violet, would seem in justice to reduce the damages by that amount; and as the Jury have allowed it, and the plaintiff is content with the verdict, this Court is not disposed to interfere. The motion is dismissed.
Burt & Thompson, for motion. Wilson, contra.
We concur. J. S. Richardson, B. J. Earle, A. P. Butler. O’Neall, J. dissents.